PRENTICE et al. v. UNITED STATES & C. A. S. S. CO. (two cases).

(District Court, S. D. New York. January 16, 1897.)

PRACTICE—GARNISHEE—STOCK SUBSCRIPTION—TRANSFER FROM DEFUNCT COMPANY.

In an action against a defunct company, a debtor to the defendant upon a stock-subscription note, was garnisheed. In reply to interrogatories he stated that a considerable sum was still owing by him on the note, but that the note had been transferred by the defendant company to a new company that took its assets. The garnishee was president of the defunct company. Upon motion that the garnishee be required to pay into court the unpaid amount of the note, or for other relief: *Held*, that the transfer by the defunct company was apparently void as against its creditors, and that the garnishee should pay the balance remaining due on the note, unless he elected to take a reference, on giving security for costs, to take further proofs of the facts, with further process and notice to the new company holding the note to appear thereon.

This was a libel in personam by Thomas Prentice and others, owners of the steamship Burnley, against the United States & Central American Steamship Company, respondent, and C. Robinson Griggs and George F. Shaver, as garnishees; also, a libel by the same parties as owners of the steamship Arecuna against the same respondents. This hearing was upon a motion to compel the garnishee to pay into court the balance due on a certain note, or for other relief.

Convers & Kirlin and Mr. Green, for libelants.

Francis E. Burrows and E. H. Benn, for garnishee.

BROWN, District Judge. The answers of the garnishee show that he admits owing the money upon a subscription for the defendant company's stock; but he avers that his debt is represented by a stock note given to the defendant company, payable ten days after demand, which the defendant company, about May 6, 1893, indorsed or transferred to the Central American Steamship Company, another corporation, in which the defendant company practically became merged. The garnishee was the president of the defendant company now defunct, all whose assets were transferred to the American Steamship Company.

This transfer of assets, including the garnishee's note, was evidently void as against existing creditors, among whom were the

libelants. They have a right to follow the assets transferred so far as they can be identified. Where such facts clearly appear upon the face of the garnishee's return, the authorities seem to support the right of the court to order payment by the garnishee. As, however, there may be some additional proofs affecting this right, I shall direct that a reference be taken to ascertain and report thereon, provided the garnishee within five days elect to enter an order therefor and file stipulation for costs. Further process of attachment may be issued if desired against the Central American Steamship Company, the alleged holder of the note, and a citation to appear upon such reference. Unless the above order be applied for by the garnishee, and security given within five days, an order may be entered for payment by the garnishee of the sum due upon the note, the same being less than the libelants' claim.